UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TARIQ KEY | CIVIL ACTION NO. 23-cv-0003 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| HARTFORD FIRE INSURANCE CO ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Tariq Key ("Plaintiff") filed this civil action in state court for damages arising out of a motor vehicle collision. The complaint named as defendants Harris Scott Boyd, Hartford Fire Insurance Company, and Jones Transportation, Inc. Defendants removed the case based on an assertion of diversity jurisdiction, which puts the burden on them to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The allegations in the notice of removal are sufficient with regard to the amount in controversy and the citizenship of defendant Boyd (domiciled in Georgia). However, additional facts are needed with regard to the citizenship of the other parties.

The notice of removal alleges that **Plaintiff** is a "resident of the State of Louisiana." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in

more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003). Defendants must file an amended notice of removal that specifically alleges the state in which Plaintiff is domiciled.

The notice of removal alleges that **Jones Transportation, Inc.** is "headquartered in Atlanta Georgia." The notice does not specify Jones Transportation's form of organization, but its name suggests that it is a corporation. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Defendants' amended notice of removal must specifically allege Jones Transportation's state of incorporation and the state in which it has its principal place of business.

The notice of removal alleges that **Hartford** is "a foreign insurer, headquartered in Hartford Connecticut." The notice of removal does not allege Hartford's type of organization. If it is a corporation, the amended notice of removal must allege its

citizenship in accordance with the rules outlines above. If it is an unincorporated entity, such as an LLC or partnership, its citizenship is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018). If Hartford is an LLC or other form of unincorporated entity, the amended notice of removal must identify all of Hartford's members and specifically allege their citizenship in accordance with these rules.

Defendants must file the amended notice of removal by **January 17, 2023**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of January, 2023.



Mark L. Hornsby
U.S. Magistrate Judge